# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                        CRIMINAL ACTION NO. 5:16-cr-00221

MICHAEL KOSTENKO, D.O.,

            Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the following pretrial motions filed by the Defendant: *Motion to Suppress Death Scene Photographs* (Document 48), *Motion in Limine Regarding Administrative Actions* (Document 51), *Motion in Limine Regarding Patient Deaths* (Document 52), *Motion in Limine Relating to Confidential Informant Recordings* (Document 53), *Motion to Suppress References of Drug Use* (Document 63), and *Motion to Strike Surplusage from the Superseding Indictment* (Document 65). The Court has also reviewed the *Response of the United States to Defendant's Pretrial Motions* (Document 72).

The Defendant, Michael Kostenko, was a Doctor of Osteopathic Medicine at all relevant times. On November 29, 2016, the United States indicted him on seventeen counts of distribution of oxycodone not for legitimate medical purposes in violation of 21 U.S.C. § 841(a)(1), and three counts of distribution of oxycodone not for legitimate medical purposes, resulting in a death, in violation of 21 U.S.C. § 841(a)(1). Following a plea agreement that Mr. Kostenko signed, but declined to finalize during a plea hearing, the grand jury returned a *Superseding Indictment*

(Document 54) on March 22, 2017. The superseding indictment charges Mr. Kostenko with maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1), nineteen counts of distribution of oxycodone not for legitimate medical purposes in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of oxycodone not for legitimate medical purposes, resulting in a death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Though some motions were filed prior to the superseding indictment, the Court will address all motions as applied to the superseding indictment.

### A. *Motion to Suppress Death Scene Photographs*

The Defendant argues that photographs allegedly showing patients who had died of drug overdoses are not relevant to the cause of death and do not "establish a nexus between Defendant's actions and their deaths." (Mot. to Suppress Death Scene Photos, at 1.) The United States indicates that it intends to offer photographs of one patient who died in her home of a drug overdose, with a pill bottle with the Defendant's name on it near her hand. An expert who reviewed and relied upon the photos will testify regarding cause of death.

Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded "if its probative value is substantially outweighed by danger of…unfair prejudice." The Court finds it appropriate to view the contested photographs prior to ruling and no reference to or publication of the same shall occur prior to ruling. The motion to suppress the death scene photographs will be held in abeyance pending the United States providing the photographs to the Court for review.

### B. Motion in Limine Regarding Patient Deaths

The Defendant seeks to preclude the United States from introducing evidence of uncharged deaths of patients as irrelevant under Rule 402, unduly prejudicial under Rule 403, and improper evidence of other bad acts under Rule 404(b). The United States indicates that it intends to offer evidence regarding the overdose deaths of patients 1 and 5, whose deaths he is charged with causing. It also intends to offer evidence of the overdose deaths of patients 4, 8, 14, 15, and 19, to whom he is charged with illegally distributing oxycodone, and each of whom died of an overdose between 2013 and 2016.[1] It argues that patient overdose deaths are red-flag evidence supporting a finding that a doctor is acting outside the bounds of medicine, and it intends to offer related expert testimony. The United States asserts that the evidence is admissible as substantive evidence under Rule 401, and is not introduced pursuant to Rule 404(b).

The Court finds that the patient deaths are potentially relevant to the requirement that the jury find that the distribution was "not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice." *See*, e.g., *United States v. Hurwitz*, 459 F.3d 463, 475 (4th Cir. 2006); 21 C.F.R. § 1306.04 (regulations affecting controlled substance prescriptions). Patient deaths could also be relevant to rebut a "good faith" defense and to show knowledge that the prescriptions were outside the standards of medical practice. However, the United States has charged Mr. Kostenko with causing the deaths of Patients One and Five. Evidence regarding other, uncharged overdose deaths has the potential to be both unfairly prejudicial and confusing to the jury. The Fourth Circuit has recognized the risk of convictions based on "association" in cases with many related charges—that a jury will see a

---

[1] The United States also states that the parties have agreed to the admissibility of a recorded interview in which the Defendant discussed the death of Patient 4. This order in no way impacts the admissibility of that recording.

pattern of behavior and convict for individual counts that were not properly proved. *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1141 (4th Cir. 1994) ("it concerns us that, as to these 80 counts, defendant may have been found guilty of some counts by association-the association of the counts properly proved with those that were not"). The Court finds that the potential for unfair prejudice and confusion substantially outweighs the probative value of the uncharged patient deaths, and, therefore, the motion in limine to exclude evidence of uncharged patient deaths should be granted.[2]

### C. Motion in Limine Relating to Confidential Informant Recordings

The Defendant requests an order barring the United States from introducing recordings made by confidential informants, primarily in 2010. The United States indicates that it "does not intend to use confidential informant or undercover recordings during its case in chief," but "reserves the right to use such evidence on cross examination of defendant or in its rebuttal case." (Resp. at 19.) Accordingly, this motion should be terminated as moot.

### D. Motion to Suppress References of Drug Use

The Defendant moves, pursuant to Rules 401 and 403, to exclude any reference to the Defendant's purported illegal drug use. The United States describes the proposed evidence as testimony from former employees and former patients (whose prescriptions are included in the superseding indictment) that the Defendant used "marijuana and/or cocaine *with* active patients during relevant dates within the Superseding Indictment," including while prescribing them

---

2 This ruling is not intended to address whether evidence or an instruction informing the jury of the fact that those patients died is admissible to explain their absence and failure to testify. Such evidence or statements should not, however, be made without first seeking a ruling on admissibility.

oxycodone. (Resp. at 20; emphasis in original.) The Court finds that evidence of illegal drug use by the Defendant in the presence of patients and/or with patients is relevant to the question of whether he prescribed medication to those patients for legitimate medical purposes in the usual course of professional medical practice and within the bounds of medical practice. Therefore, the motion to suppress such evidence should be denied.

### E. *Motion in Limine Regarding Administrative Actions*

The Defendant seeks an order barring any evidence of "the results of any administrative proceedings or actions taken by administrative agencies pertaining to defendant's licensure as a physician, privileges to prescribe medication or regulation of defendant's medical practice otherwise." (Mot. in Limine Re. Admin. Actions at 1.) He argues that any probative value of such evidence is substantially outweighed by the prejudicial effect under Rule 403, as the administrative proceedings apply a preponderance of evidence standard. The United States argues that the evidence from administrative proceedings would be introduced "to prove defendant's intent, his state of mind, and his knowledge that he was practicing outside an accepted standard of care," not "as proof of the ultimate issues." (Resp. at 11.) It indicates that the Defendant "sought exemption from…regulations applicable to pain clinics" by arguing that "his professional methodology was unique and not practiced in West Virginia." (*Id.*) The Defendant also had proceedings before the Board of Pharmacy regarding pharmacies that declined to fill his prescriptions. During the course of a dispute with the Department of Health and Human Resources/Office of Health Facility Licensure & Certification (DHHR/OHFLAC), he instituted new office practices to avoid regulations. His medical license was suspended, and then revoked,

by the Board of Osteopathic Medicine following an investigation of his practice initiated after patients died of drug overdoses.

The Court finds that evidence from administrative proceedings may be admissible to show the Defendant's knowledge that his practices fell outside the usual course of professional medical practice and beyond the bounds of medical practice. However, evidence of the findings and conclusions of administrative bodies, such as the revocation of the Defendant's license to practice medicine, may be unfairly prejudicial. There is a risk that the jury will feel conscribed to accept the judgment of the Board of Osteopathic Medicine with regard to whether the Defendant practiced within the bounds of medicine, rather than making their own judgment based on the evidence presented, pursuant to the standards and instructions provided by the Court. Therefore, the Court directs the United States to make no reference to such evidence during opening statement and to approach the bench prior to presenting any evidence relating to administrative proceedings to allow the Court to rule on admissibility of such evidence while considering the context in which it is offered.

### F. *Motion to Strike Surplusage*

Count One of the superseding indictment, alleging that Mr. Kostenko maintained a drug-involved premises, includes extensive background information describing Mr. Kostenko's medical practice and the Coal Country Clinic, which was located at the Defendant's residence at 3050 C&O Dam Road in Daniels, West Virginia. The Defendant seeks to strike paragraphs 7(g) and (h). Paragraph 7(g) alleges: "Between 2012-2014, defendant and his staff confronted pharmacies and filed complaints with the West Virginia Board of Pharmacy against pharmacies that refused to fill prescriptions written by defendant." Paragraph 7(h) reads: "On March 3, 2016, the West Virginia

6

Board of Osteopathic Medicine suspended defendant's medical license." The Defendant argues that those allegations are not material to Count One, and that "[t]he practical effect of the inclusion of such allegation in the indictment would be to permit the admission of evidence, in conformity with the indictment, which would otherwise be inadmissible as to any of the charges set forth in the indictment." (Mot. to Strike Surplusage, at 2.) The United States argues that both paragraphs are relevant and tend to show that the Defendant maintained a premises for the purpose of distributing oxycodone outside the bounds of medicine.

Rule 7 of the Federal Rules of Criminal Procedure states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted). "A motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citations omitted).

As discussed above, the Court finds that the administrative proceedings are relevant, but may be unfairly prejudicial. The Court has held in abeyance the motion relating to the admissibility of evidence supporting the allegations in Paragraphs 7(g) and (h). It is not this Court's practice to provide the jury with a copy of the superseding indictment, therefore preventing any potential prejudice to the Defendant should the Court find that evidence inadmissible. Because the contested allegations are relevant, and in view of the Court's other rulings regarding this evidence, the Court finds that the motion to strike surplusage should be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Suppress Death Scene Photographs* (Document 48) and the *Motion in Limine Regarding Administrative Actions* (Document 51) be **HELD IN ABEYANCE**. The Court further **ORDERS** that the *Motion in Limine Regarding Patient Deaths* (Document 52) be **GRANTED**, that the *Motion in Limine Relating to Confidential Informant Recordings* (Document 53) be **TERMINATED AS MOOT**, that the *Motion to Suppress References of Drug Use* (Document 63) be **DENIED**, and that the *Motion to Strike Surplusage from the Superseding Indictment* (Document 65) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 17, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA