# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                                 Criminal Action No. 5:16-cr-221

**MICHAEL KOSTENKO, D.O.**

### ORDER

On August 14, 2017, Dr. Rahul Gupta and Steven Compton, Esq. filed their ***West Virginia State Employees Expedited Joint Motion to Quash Subpoenas*** served on request of the Defendant to secure their appearance at the Defendant's sentencing hearing scheduled for August 23, 2017 before District Judge Irene C. Berger. (Document No. 135.) Dr. Gupta asserts that he is a Commissioner of the Bureau for Public Health in the West Virginia Department of Health and Human Resources ("DHHR"), and Mr. Compton asserts that he is a Deputy Attorney General serving as the Director of the DHHR Division of the West Virginia Attorney General's Office. (Id. at 1-2.) Both Dr. Gupta and Mr. Compton assert that they have no information that is "both material and favorable" related to the Defendant's defense that warrants compulsion of their appearances at the Defendant's sentencing.[1] (Id.) In addition, Dr. Gupta alleges that he is scheduled to be in Maryland on official State business the day of the sentencing and to be compelled to testify in this matter would cause an undue burden upon the State for the extraordinary travel expense; Mr.

---

[1] See, United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982); see, generally, United States v. (Under Seal), 714 F.2d 347, 350 (4th Cir. 1983); see also, U.S. v. Moussaoui, 382 F.3d 453 (4th Cir. 2004) ("The compulsory process right does not attach to any witness the defendant wishes to call . . . .Rather, a defendant must demonstrate that the witness he desires to have produced would testify 'in his favor[.]'"); U.S. v. North, 910 F.2d 843, 888-892 (D.C. Cir. 1990)(affirming conviction where district court quashed subpoena where "testimony would not have added anything material.") (Document No. 135 at 1.)

Compton is responsible for the day-to-day operations of the State's Department of Health and Human Resources and to be compelled to testify in this matter would interfere with the State's crucial interest in maintaining efficient legal management of the DHHR. (Id. at 2.)

Dr. Gupta and Mr. Compton have also requested expedited ruling on this ***Motion*** and have represented that any responses by the Defendant and the United States would be filed by August 17, 2017, any replies thereto would be filed by August 18, 2017, to allow the Court to rule upon this Motion today, August 21, 2017. (Id.) No responses to this Motion were filed by any of the parties; the Defendant has only filed his ***Defendant's List of Witnesses Anticipated to Testify at his Sentencing Hearing*** on August 18, 2017 pursuant to Judge Berger's Order directing same. (Document Nos. 139 and 137, respectively.) The Defendant does not identify Mr. Steven Compton as a witness. However, the Defendant identifies Dr. Rahul Gupta, who the Defendant "anticipates will testify as an expert witness on the topic of 'self management' as it pertains to the treatment of chronic pain, as well as the benefits of a 'community-based' approach to public health." (Document No. 139 at 1.)

The undersigned notes that this anticipated testimony does not address the requirements for compelling Dr. Gupta's testimony as enunciated in the ***Motion to Quash***: there is no information as to how Dr. Gupta's alleged expertise or proposed testimony is either material or favorable to the Defendant at his sentencing hearing. The undersigned further notes that the Defendant entered a guilty plea to one count of Distribution of Oxycodone, a Schedule II Controlled Substance, Not for Legitimate Medical Purposes in the Usual Course of Professional Medical Practice and Beyond the Bounds of Medical Practice, in violation of 21 U.S.C. § 841(a)(1). The Defendant makes no demonstration as to how Dr. Gupta's testimony at his sentencing hearing is material or favorable to the aforementioned violation to which the Defendant

admitted guilt. Indeed, the Defendant makes no attempt to respond or otherwise provide the Court with any justification to compel Steven Compton, Esq. to appear at the Defendant's sentencing hearing.

Accordingly, the Joint Motion to Quash filed by State Employees Dr. Rahul Gupta and Mr. Steven Compton, Esq. is **GRANTED**. (Document No. 135.)

The Clerk is directed to distribute this Order to all counsel of record, including Edward M. Wender, Esq. and M. Claire Winterholler, Esq., counsel for Mr. Compton and Dr. Gupta, respectively.

ENTER: August 21, 2017.

Omar J. Aboulhosn
United States Magistrate Judge