IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:16-cr-00221

MICHAEL KOSTENKO, D.O.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the letter-form *Compassionate Release Petition for a Debilitated Medical Condition* (Document 195), submitted by the Defendant's daughter. She states that he suffers from a dissected aorta, which required emergency open heart surgery in 2013, and that he has been informed that he needs additional open heart surgery. She indicates that his medical conditions are particularly concerning given the presence of COVID-19 at the facility in which he is incarcerated. She states that the Defendant has tested positive for COVID-19. If he should be released, he would reside with her and her husband, and they would provide for his financial and medical needs. The United States did not respond to the motion.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such

circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate."  *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation).  The analysis requires fact-specific inquiry into the defendant's circumstances and offense.

As an initial matter, it is unclear whether the Defendant's daughter (an attorney) filed the motion as a concerned family member, permissible if the Defendant is physically or mentally incapable of submitting his own motion, or if she is acting as his attorney.  For purposes of the motion, the Court will presume that the Defendant's daughter was legally permitted to file on his behalf.

On August 23, 2017, the Court imposed a sentence of 240 months of incarceration for the Defendant's conviction by guilty plea of distributing oxycodone not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical

practice in violation of 21 U.S.C. § 841(a)(1).  The Bureau of Prisons Inmate Finder provides an anticipated release date of December 15, 2033.

The Defendant is 64 years old and suffers from serious health issues.  As such, he is at heightened risk for complications from COVID-19.  However, the Court finds that the motion does not set forth the extraordinary and compelling circumstances necessary for a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A).  The motion indicates that the Defendant has tested positive for COVID-19.  While the Court understands the Defendant's daughter's concerns for his health, as well as her concerns regarding the Bureau of Prisons' management of the pandemic, releasing him now would do little to protect him from a virus he has already contracted.

In addition, the Defendant's offense was very serious, and the Court finds that the § 3553(a) factors do not support early release.  His Guideline range would have been even higher than 240 months but for the statutory maximum for the offense to which he pled guilty.  He abused the trust of patients and the public to distribute large quantities of oxycodone without providing meaningful medical care or oversight, even as *sixteen* patients died of drug overdoses while under his care during an approximate four-year period.  He showed no remorse and continued to insist that his methods of practicing medicine were superior to approved practices that fall within the standard of care.

Furthermore, there is no indication in the motion that administrative remedies were exhausted.  Accordingly, after careful consideration, the Court **ORDERS** that the letter-form *Compassionate Release Petition for a Debilitated Medical Condition* (Document 195) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 3, 2020

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA