**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 5:16-cr-00221-1

MICHAEL KOSTENKO

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Michael Kostenko's (1) Motion for Court to Reconsider Denial of Compassionate Release [ECF 227].[1], (2) Motion for Finding that Application of the Principle of Pathologic Application Determines Needed Medical Care for Kostenko's Compassionate Release [ECF 228], (3) Motion for Appointment of Counsel Pursuant to 18 U.S.C. §3006A [ECF 229], (4) Clarification that Counsel Appointed to Assist Compassionate Release May Assume Risk of Whistleblower Retaliation [ECF 230], (5) Motion for Finding the Denial of Kostenko's Proposed Needed Medical Care May Further Extortion of Rights [ECF 231], (6) Motion for Court to Find Title 18 U.S.C. §1964(c) Civil Rico May Apply as Claim for Purpose of 2255(h) [ECF 232], all filed May 11, 2026, and (7) Motion for Home Confinement and Home Study/Motion for Early Release, filed June 15, 2026 [ECF 235]. Mr. Kostenko's Motions appear to be related to his Motion for Court to Reconsider Denial of Compassionate Release. [ECF 227].

---

[1] On May 11, 2026, Mr. Kostenko filed a Response in Support of his Motion for Court to Reconsider Denial of Compassionate Release. [ECF 233]. This Response [ECF 233] is titled "Compassionate Release Allows Kostenko to Prepare 2255(h) Second or Successive Motion to Restore Purpose of Health Law Blocked by Vindictive Prosecution." [ECF 233 at 1]. This Response [ECF 233] appears to also be related to Mr. Kostenko's Motion for Court to Find Title 18 U.S.C. §1964(c) Civil Rico May Apply as Claim for Purpose of 2255(h) [ECF 232].

**I.**

On April 26, 2017, Mr. Kostenko entered a plea of guilty to a single count of distributing oxycodone not for legitimate medical purposes in the usual course of professional medical practice, in violation of 21 U.S.C. § 841(a)(1), as charged in Count Seven of the Superseding Indictment [ECF 54 at 6-7] returned against him. [ECF 102 at 1]. On August 23, 2017, the Honorable Judge Irene C. Berger sentenced Mr. Kostenko to 240 months of incarceration, to be followed by five years of supervised release, and a $50,000 fine. [ECF 147]. On August 28, 2017, Mr. Kostenko filed a Notice of Appeal to Judge Berger's Judgment Order [ECF 147]. [ECF 154]. On August 8, 2018, our Court of Appeals entered judgment affirming the district court. [ECF 174].

On August 6, 2019, Mr. Kostenko filed a Motion to Set Aside, Vacate or Correct Sentence. [ECF 177]. On November 4, 2020, Mr. Kostenko filed his first Letter-Form Motion for Compassionate Release. [ECF 195]. On December 3, 2020, Judge Berger denied Mr. Kostenko's first Motion for Compassionate Release [ECF 195]. On February 11, 2022, Judge Berger denied the Motion to Set Aside, Vacate or Correct Sentence [ECF 177] and removed the case from the docket. [ECF 209, ECF 211]. On March 17, 2022, Mr. Kostenko filed a Notice of Appeal. [ECF 213]. On June 1, 2023, our Court of Appeals dismissed Mr. Kostenko's appeal. [ECF 218]. On May 14, 2025, Mr. Kostenko filed a second Motion for Compassionate Release. [ECF 223]. On July 14, 2025, the Court denied the second Motion for Compassionate Release [ECF 223]. [ECF 225]. Mr. Kostenko now moves for the Court to reconsider compassionate release from incarceration and in the alternative grant him home confinement. [ECF 227, ECF 228, ECF 229, ECF 230, ECF 231, ECF 232, ECF 235].

Over three years prior to his conviction, Mr. Kostenko underwent surgery to replace his ascending aortae due to a Type A dissecting aneurysm. [ECF 223 at 3]. In 2014, a neurological examination of Mr. Kostenko found he had partial denervation of his right arm and shoulder, with loss of sensation, pain, and partial paralysis. [*Id.*]. On February 20, 2020, while incarcerated, Mr. Kostenko was evaluated by cardiothoracic doctors at Duke Medical in North Carolina. [*Id.*]. Those doctors recommended Mr. Kostenko receive staged surgery for reconstruction of his aortic arch, followed by a thoracic endovascular aortic repair. [*Id.*]. Due to a risk of paralysis, stroke, loss of cognitive function, and death during or following surgery, Mr. Kostenko deferred surgery at that time. [*Id.*]. In May 2021, Mr. Kostenko received a second cardiothoracic consultation, which affirmed the findings of Duke Medical. [*Id.*]. According to Mr. Kostenko, that consulting surgeon was "unwilling to perform surgery for risk of paralysis and death." [*Id.*].

On May 14, 2025, Mr. Kostenko filed a motion for compassionate release from incarceration [ECF 223]. His claim stated the Bureau of Prisons ("BOP") "cannot provide for needed Medical Care [sic]" and that release would "[permit] relationship with surgeon to replace aortic arch should [Mr.] Kostenko choose, and [permit] access to medically necessary intervention and self-care . . . not available through BOP Medical, to lessen chance of complication and death." [*Id.* at 6]. On July 14, 2025, the Court denied Mr. Kostenko's Motion [ECF 223] without prejudice. [ECF 225]. In denying the Motion [ECF 223], the Court stated Mr. Kostenko offered no evidence which showed the BOPs failure to provide adequate treatment he needed. [ECF 225 at 5-6].

Mr. Kostenko now moves for the Court to reconsider denial of compassionate release from incarceration [ECF 227]. Mr. Kostenko contends, in August of 2025, he received two EKGs, one showing an "unconfirmed septal myocardial infarction," and asserts the BOP "deprives him of needed care according to the principle of pathologic adaptation to prevent further loss of

physical and cognitive function." [ECF 228 at 8, ECF 234 at Exs. 6, 7]. Mr. Kostenko asserts "[t]he nonexistence of standards limits BOP medical to inadequate studies, unreliable understanding, and unreliable treatment," and the BOP "neglect[s] the process of pathologic adaptation affecting the aorta, heart, and brain from arterial hypoperfusion." [ECF 228 at 7]. Mr. Kostenko asserts he "need[s] care under the principal [sic] of pathologic adaption" because his aorta "is entirely damaged and still degenerating, adversely affecting arteries supplying circulation to the brain, heart, and body." [*Id.* at 8].

The Government opposes release. [ECF 238]. It contends Mr. Kostenko has failed to show sufficient evidence demonstrating he has exhausted all administrative remedies inasmuch as there is no indication the BOP ever received any such request. [*Id.* at 7-8]. Even assuming proper exhaustion, the Government maintains Mr. Kostenko's medical conditions are not sufficient to amount to extraordinary and compelling reasons justifying his release, nor are they different from his conditions present when his prior Motions for Compassionate Release [ECF 195, ECF 223] were denied. [ECF 238 at 8-10].

**II.**

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. *See Hewitt v. United States*, 606 U.S. 419, 428 (2025) (recognizing "the First Step Act, [as] a landmark piece of legislation that changed the federal criminal-sentencing system in numerous respects."); *Pulsifer v. United States*, 601 U.S. 124, 155 (2024) (Gorsuch, J., dissenting) ("The First Step Act of 2018 may be the most significant criminal justice reform bill in a generation") (internal citations and quotations omitted). Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act "gives the prisoner greater agency: He may request that the Bureau file a motion on his behalf,

and, if it declines or fails to do so within 30 days, he may file a motion himself." *Rutherford v. United States*, 608 U.S. ---, 146 S. Ct. 1320, 1328 (2026) (citing 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020) (recognizing the Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions"), *abrogated on other grounds by Rutherford*, 608 U.S. ---, 146 S. Ct. 1320. Simply put, before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "While Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria are not empty vessels." *Fernandez v. United States*, 608 U.S. ---, 146 S. Ct. 1292, 1302 (2026). Indeed, "'[e]xtraordinary' means 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id*. (internal citations omitted). Whereas "'[c]ompelling' means 'tending to convince or convert by or as if by forcefulness of evidence.'" *Id*. (internal citations omitted).

The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at

502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to Section 1B1.13(a) authorizing a defendant to file a motion under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 further provides any of the following circumstance or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstance of the defendant, including, *inter alia*, Defendant is "suffering from a serious medical condition," (2) the defendant's age, (3) the defendant's family circumstances, (4) the defendant is a victim of abuse, (5) other circumstances similar in gravity to those previously listed, or (6) the defendant received an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(1)-(6).

If an inmate demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

## III.

***A. Compassionate Release***

Mr. Kostenko seeks reconsideration of the denial of his compassionate release due to his medical conditions, namely a damaged aorta and "unconfirmed septal myocardial infarction." [ECF 228 at 8]. Mr. Kostenko complained of similar heart problems in his previous Motion for Compassionate Release. [ECF 223 at 3-4].

"A prison sentence, once imposed, usually cannot be modified by the district court." *Rutherford v. United States*, 608 U.S. ---, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). "An exception to this rule is compassionate release." *Id.* "A criminal defendant may move for compassionate release in federal district court 'on [his] own behalf, so long as [he] first appl[ies] to' the federal Bureau of Prisons (the "BOP") for such relief." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (quoting *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020)). Thus, the first step a defendant must take when moving for compassionate release is to apply to the BOP.

The Court will first consider whether Mr. Kostenko has satisfied the statute's threshold requirements. Title 18 U.S.C. § 3582(c)(1)(A) "outlines two routes for requesting compassionate release in the district court, one of which does not require exhaustion of administrative remedies." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (internal citations and quotations omitted). As noted, "the defendant may move for compassionate release 'after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf *or* the lapse of 30 days from the receipt of such request by the warden, *whichever is earlier*.'" *Id*. (emphases in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Simply put, "the threshold requirement to file a compassionate release motion is satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative

rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Id*. (emphases in original) (internal citations and quotations omitted). In either case, a defendant must initially request the BOP bring a motion on his behalf.

**1. Exhaustion of Administrative Remedies**

Mr. Kostenko has not satisfied § 3582(c)(1)(A)'s threshold requirement. There is nothing in the record indicating Mr. Kostenko has taken the first step required for relief. As noted in the Government's Omnibus Response [ECF 238], filed July 7, 2026, FCI Beckley was contacted and "asked if any request for compassionate release or reduction in sentence from Kostenko could be located. The facility responded that after checking their system and the physical central file they did not find such request." [ECF 238 at 8 n.1].

Mr. Kostenko has not shown any request made by him to the BOP requesting the BOP to bring a motion on his behalf. Mr. Kostenko has failed to demonstrate he has exhausted all administrative remedies. Accordingly, the Motions [**ECF 227, ECF 228, ECF 229, ECF 230, ECF 231, ECF 232, and ECF 235**] are **DENIED**.

**2. Extraordinary and Compelling Reasons**

Mr. Kostenko asserts he should be granted compassionate release or home confinement. Under 18 U.S.C. § 3582(c)(1)(A), the Court may modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." However, the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling circumstances include: (1) the medical circumstance of the defendant, (2) the defendant's age, (3) the defendant's family circumstances,

(4) the defendant is a victim of abuse, (5) other circumstances similar in gravity to those previously listed, or (6) the defendant received an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(1)-(6).

As stated above, Mr. Kostenko has failed to take the initial step required of him when exhausting his administrative remedies; thus, whether extraordinary and compelling circumstances exist such that the Court may grant compassionate release or home confinement need not be reached. However, had Mr. Kostenko completed that first step and exhausted all his administrative remedies, the next step for the Court would be to (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).[2] 18 U.S.C. § 3582(c)(1)(A). There is insufficient evidence to show Mr. Kostenko is suffering from serious physical or mental conditions so extraordinary and compelling such that a sentence reduction is warranted.[3] Again, the Motions [**ECF 227, ECF 228, ECF 229, ECF 230, ECF 231, ECF 232, and ECF 235**] are **DENIED**.

***B. Appointment of Counsel***

Mr. Kostenko seeks appointment of counsel to assist him with compassionate release. [ECF 227 at 3, ECF 229 at 4-5]. Mr. Kostenko additionally clarified that any counsel

---

[2] On December 3, 2020, Judge Berger denied Mr. Kostenko's first motion for compassionate release. In her Memorandum Order and Opinion [ECF 196], Judge Berger found there were no "extraordinary and compelling circumstances necessary for a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A)." [ECF 196 at 3]. Additionally, "Defendant's offense was very serious, and the Court finds that the § 3553(a) factors do not support early release." [*Id.*].

[3] The Court notes Mr. Kostenko was previously denied compassionate release without prejudice, stating "Mr. Kostenko may offer additional justifications or new evidence to support his request." [ECF 225 at 6]. It appears the only additional evidence given by Mr. Kostenko is two EKGs from August 2025. Mr. Kostenko does not explain though how these EKGs support his request for compassionate release. [ECF 234 at Exs. 6, 7]. Additionally, there appears to be no evidence or explanation given by Mr. Kostenko as to how the BOP is failing to meet his medical needs. [*See* ECF 235 at 3].

appointed to assist him with compassionate release may be subject to whistleblower retaliation. [ECF 230].

Mr. Kostenko cites 18 U.S.C. § 3006A as authority for why he should be appointed counsel. In relevant part, 18 U.S.C. § 3006A states "[a] person for whom counsel is appointed shall be represented at every stage of the proceeding from his initial appearance before the United States magistrate judge or the court through appeal." 18 U.S.C. § 3006A(c). "[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). Our Court of Appeals has held that a movant is not entitled to appointment of counsel for compassionate release. *United States v. Holley*, 179 F.4th 985, 992 (4th Cir. 2026). In *Holley*, the Fourth Circuit noted:

> "[I]n some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000). However, we concluded that a § 3582(c) motion for a reduction in sentence 'does not fit into this category' because it "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *Id.* (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)); *accord United States v. Manso-Zamora*, 991 F.3d 694, 696 & n.2 (6th Cir. 2021) (per curiam) (collecting cases and noting that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings.").

*Id.* A district court has discretion to appoint counsel for a movant, and "a district court abuses its discretion only 'where the case . . . presents exceptional circumstances.'" *Id.* (quoting *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296 (1989)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." *Id.*

There are no exceptional circumstances that require assistance of counsel. Mr. Kostenko can read and write and is a competent person who obtained a medical degree. It has not

been shown that Mr. Kostenko's health issues are so severe as to present an exceptional circumstance that warrants appointment of counsel. Additionally, there are no extreme or complex legal issues here that Mr. Kostenko would be unable to present without the appointment of counsel.

In his Motion [ECF 230] clarifying any counsel appointed for him may assume the risk of whistleblower retaliation, Mr. Kostenko seemingly argues any counsel appointed for him would be at risk of whistleblower retaliation "for disclosing state/corporate RICO enterprise." [ECF 230 at 1]. There is no legal basis for this argument and, additionally, as discussed, Mr. Kostenko has no right to have counsel appointed for him.

The Court declines to appoint counsel for Mr. Kostenko, however. Accordingly, the Motions [**ECF 229**, **ECF 230**] are **DENIED**.

***C. RICO***

Mr. Kostenko requests the Court find 18 U.S.C. § 1964(c) may apply as a claim for purposes of § 2255(h). [ECF 232]. It appears Mr. Kostenko wishes to file a second motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255(h), but desires the Court find 18 U.S.C. § 1964(c) applies before he files. [*Id.*]. Mr. Kostenko's first Motion to Vacate, Set Aside or Correct Sentence [ECF 177] was denied by Judge Berger in her Order adopting Magistrate Judge Aboulhosn's proposed findings and recommendation [ECF 202]. [ECF 209].

Mr. Kostenko has not filed a second motion to vacate, set aside or correct sentence. There is no basis for the Court to make the requested finding. Accordingly, the Motion [**ECF 232**] is **DENIED**.

**IV.**

Accordingly, Mr. Kostenko's Motions [**ECF 227, ECF 228, ECF 229, ECF 230, ECF 231, ECF 232, and ECF 235**] are **DENIED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel of record, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 9, 2026

Frank W. Volk
Chief United States District Judge